BEER, Judge.
Gothlyn J. Reck sued appellant, Richard Stevens, for damages occasioned as a result of an altercation which took place at the home of her grandmother. Stevens reconvened. The trial court dismissed the recon-ventional demand and awarded Reck $11,-326.75 in general and special damages. Stevens suspensively appeals, and Reck has answered, seeking an increase. Appellant specifies trial court error in its finding of excessive force and alternatively contends that the general and special damage awards must be reduced. Reck contends that they are too low and should be increased.
Reck is a 31-year-old art teacher. Since early childhood, she resided at her grandmother’s home. When Stevens and his wife also took up residence there, Reck moved out but visited frequently. The incident which provoked this lawsuit occurred during one of these visits: Reck was in the process of picking up several framed family photographs when her grandmother intervened and reached for one which Reck had already stacked in her arms. A sort of tug of war ensued. The grandmother fell. Reck contends that she then stooped down to help her grandmother up. Stevens, who had come upon the scene, contends that it was necessary for him to intervene in order to defend the elderly lady from the enraged Reck, who, he says, raged out of self control. He pushed her away and slapped her, causing her to fall to the floor. When she arose, he hit her in the face, allegedly in self-defense due to her threatening him (he believed) with the frames containing broken glass. The force of these last two blows apparently propelled Reck part way across the room.
Following a lengthy trial, the district judge determined that Stevens’ actions were unreasonable and excessive under the circumstances, and we find no manifest error in the factual conclusions of the trial judge on the issue of liability.
Reck was examined by Dr. George Farber, a dermatologist, several hours after the incident. It was his opinion that a small laceration inside her mouth resulted from the blows to her face. She was later seen by Dr. Wallace Rubin to whom she complained of ear problems. Tests conducted by him indicated below normal hearing ability, which may have been trauma connected, and she was treated by Dr. Rubin for approximately two months.
Dr. Dorsey Dysart testified that he treated Reck for approximately four months. In his opinion, she suffered from a post concussion syndrome with an estimated recuperative period of three to six months.
The trial court’s award of $10,000 for pain and suffering is, we conclude, a breach of discretion. In accordance with Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and Gaudet v. Allstate Insurance Company, 346 So.2d 333 (La.App. 4th Cir. 1977), writ den. 350 So.2d 892 (La.1977), we are compelled to reduce that award to $5,000.
Though the special damage award contains minute arithmetic errors, it is, essentially, correct and is affirmed.
Accordingly, the amount of the judgment in favor of Gothlyn J. Reck and against Richard Stevens is amended to the figure of $6,326.75 and, as amended, is affirmed, at appellant’s cost.

AMENDED AND AFFIRMED.